**Anthony GUZZO, Plaintiff,**

v.

**Tommy G. THOMPSON, in his capacity as Secretary of Health and Human Services, Defendant.**

**No. 02–CV–70711–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 22, 2003.

Joseph K. Grekin, Bloomfield Hills, for plaintiff.

Elizabeth Larin, Detroit, A.U.S.A., Craig Herkal, Diana M. Anthony, U.S. Dept. of Health & Human Serv., Chicago, IL, for defendant.

## *OPINION*

DUGGAN, District Judge.

Plaintiff brought this action pursuant to 42 U.S.C § 1395ff(b)(1) to review a "final decision" of Defendant Tommy G. Thompson (the Secretary) denying Plaintiff, Anthony Guzzo (Guzzo), coverage under the Medicare program for a medical

procedure Guzzo underwent. On August 13, 2002, Guzzo filed an Amended Complaint (Complaint). In his Complaint, Guzzo asserts a claim requesting this Court to review National Coverage Decision[1] (NCD) 35–96, a claim for Medicare benefits, and a claim for attorneys fees. Currently before the Court are Guzzo's and the Secretary's motions for summary judgment. For the reasons set forth below, the Court shall grant the Secretary summary judgment.

### STANDARD

Summary judgment is proper only if there is no genuine issue as to any material fact, thereby entitling the moving party to judgment as a matter of law. *Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 709 (6th Cir.2000); *see also* FED. R. CIV. P. 56(c). There is no genuine issue of material fact for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could "return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, the moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to show that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53. The nonmoving party must do more than show that there is some metaphysical doubt as to the material facts. *Pierce v.*

*Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir.1994). The nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339–40 (6th Cir.1993).

### BACKGROUND

Guzzo was diagnosed with prostate cancer in January, 1999. After considering the different treatment options, Guzzo opted for a treatment called cryosurgical ablation. Guzzo underwent this procedure in March, 1999. After the surgery, Guzzo requested payment from Medicare. Medicare denied payment stating, "service is considered 'experimental.'" (Am. Compl.Ex. H). Upon requested reconsideration, Medicare affirmed its denial of coverage.

Guzzo then requested a hearing before an Administrative Law Judge (ALJ). (*See* Am. Compl. Ex. J). The ALJ noted that at the time of Guzzo's surgery NCD 35–96 was in effect, which "denied Medicare coverage for cryosurgery." (*See* Am. Compl. Ex. Q at 2). Notwithstanding this NCD, the ALJ decided that "Medicare coverage should be provided ...." (*Id.* at 4). The Medicare Appeals Council (Council) reviewed the ALJ's decision on the Council's own motion. (*See* Am. Compl. Ex. R).

The Council notified Guzzo of its "Proposed Action and Proposed Order" on December 22, 2000. (*See id*). This Proposed Order remanded the case to the ALJ because the Council found that the ALJ was required to abide by NCD 35–96. In response to this Proposed Order, Guzzo submitted a brief with exhibits to the Council. After considering Guzzo's materials, the Council sent Guzzo its Notice of

---

1. NCDs are determinations made by the Health Care Financing Administration indicating to insurance carriers whether a particular item is covered or not under Medicare. *See Friedrich v. Secretary of Health & Human Services*, 894 F.2d 829, 830 (6th Cir.1990).

Final Action and Order of Remand, and entered its Order remanding the case to the ALJ to, *inter alia,* apply NCD 35–96. (*See* Am. Compl. Ex. S).

After this remand, the ALJ rendered a Decision denying Guzzo Medicare coverage for the cryosurgical ablation procedure pursuant to NCD 35–96. Guzzo then filed this current action in this Court.

### DISCUSSION

In his Motion, Guzzo argues that this Court should invalidate NCD 35–96 as of the date of Guzzo's surgery. Guzzo's second argument is that the Secretary's decision to deny him benefits is not supported by substantial evidence. Each of these arguments is discussed below.

*Validity of NCD 35–96:*

Guzzo puts forth two legal bases for this Court to invalidate NCD 35–96: 42 C.F.R § 405.732(c) and the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A). 42 C.F.R. § 405.732(c) provides:

Review by Court. (1) A court's review of an NCD is limited to whether the record is incomplete or otherwise lacks adequate information to support the validity of the decision, unless the case has been remanded to the Secretary to supplement the record regarding the NCD. The court may not invalidate an NCD except upon review of the supplemented record.

42 C.F.R. § 405.732(c). The APA provides that a reviewing court:

(2) hold unlawful and set aside agency action, findings, and conclusions found to be -

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

5 U.S.C. § 706(2)(A).

■ First, Guzzo argues that "Medicare lacked adequate information to support [NCD 35–06] . . . as of the date of" Guzzo's surgery. (Pl.'s Br. at 15). Second, Guzzo argues "administrative convenience does not entitle Medicare to refuse to reimburse for reasonable and necessary medical treatment." (*Id.* at 21). Neither of these arguments is persuasive under the legal bases put forth by Guzzo.

Guzzo's first argument is based upon three sources of information that Guzzo argues show cryosurgery was a reasonable and necessary procedure as of the date of Guzzo's surgery. The sources Guzzo relies upon are a Decision Memorandum issued by Medicare on February 1, 1999, in which Medicare stated NCD 35–96 would be revised to provide reimbursement for cryosurgery; evidence that Guzzo purports shows cryosurgery was accepted by the medical community; and ALJ decisions determining cryosurgery to be a reasonable and necessary procedure.

Guzzo's first argument against the validity of NCD 35–96 is not persuasive because all of the data put forth in support of his argument relate to evidence available as of the date of his surgery. 42 C.F.R. § 405.732(c) provides for review of the record supporting the NCD, as of the date the national coverage decision was made. *See* 42 C.F.R. § 405.732(c). None of the "evidence" put forth by Guzzo in support of his Motion relates to the record at the time of the adoption of the NCD in 1997.[2]

2. Although Guzzo does not address the NCD 35–96 Record in support of his Motion, he does discuss it in his Response to Defendant's Motion. In his Response, Guzzo does present an argument that suggests that the Record at the time of the adoption of the NCD does not contain adequate information; however, this argument is belied by the fact that his argument is based upon documents contained in the NCD Record. (*See* Pl.'s Resp. and NCD Record). In this Court's opinion, the fact that the NCD Record contains these documents, if anything, shows the adequacy of the NCD Record, not any alleged inadequacy.

The NCD in question was adopted before Guzzo's surgery. The determination of whether or not the NCD is valid is not a determination based on information available at the time of Guzzo's surgery; rather, it is a determination made based on whether or not there was an adequate record at the time of the national coverage decision to support the NCD. Therefore, Guzzo's arguments against its validity pursuant to 42 C.F.R. § 405.732(c) based upon evidence as of the time of his surgery are not persuasive.

 Guzzo's argument under Section 706(2)(A) of the APA is similarly not persuasive. Section 706(2)(A) allows a court to "set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). Under Section 706, the Court reviews "the administrative record already in existence, not some new record made initially in the reviewing court." *Kroger Co. v. Regional Airport Authority of Louisville*, 286 F.3d 382, 387 (6th Cir.2002)(quoting *Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973)). Thus, Guzzo's argument under the APA fails because his argument is based upon this new record he seeks to establish in this Court based upon Medicare's February 1999 Decision Memorandum, evidence from the medical community, and ALJ decisions as of the time of his surgery.[3]

The Court is also not persuaded by Guzzo's argument that "this Court should invalidate NCD 35–96 as of the date Medicare determined that cryosurgery was a reasonable and necessary treatment for prostate cancer, February 1, 1999" be-cause "Medicare has no authority to deny Mr. Guzzo reimbursement" based on "administrative convenience." (Pl.'s Br. at 24). This argument is based on Medicare not applying the revised version of NCD 35–96, which allows for reimbursement for cryosurgery, until certain administrative actions had been taken. (*See* Am. Compl. Ex. F at n.1). However, the only legal bases put forth by Guzzo under which this Court may invalidate NCD 35–96 are the two sections discussed above. As the Court stated above, both 42 C.F.R. § 405.732(c) and 5 U.S.C. § 706(2)(A) deal with the record supporting the decision, *i.e.*, the NCD 35–96 Record. Guzzo's argument regarding administrative convenience in relation to the revised NCD 35–96 cannot be a basis for invalidating NCD 35–96 for the same reasons Guzzo's other arguments failed; this argument is not based upon the record in existence at the time NCD 35–96 was adopted.

Defendant seeks summary judgment based in part on his argument that "[t]he NCD Record is complete and contains adequate information to support the validity of the Secretary's National Coverage Decision 35–96 ...." (Def.'s Mot. at ¶ 2). The Court is satisfied that the bases upon which Guzzo asks this Court to invalidate NCD 35–96 are not valid bases for invalidation. Therefore, Defendant is entitled to summary judgment on Guzzo's claim for review of NCD 35–96.

### Substantial Evidence Supporting the Secretary's Decision:

 Guzzo's second argument is that the "decision to refuse to reimburse Mr. Guzzo for his cryosurgery on the basis that it was not reasonable and necessary medi-

---

**3.** Under the APA, Guzzo "must 'show that the action had no rational basis or that it involved a clear and prejudicial violation of applicable statutes or regulations.'" *Kroger Co.*, 286 F.3d at 389. "If there is any evidence to support the agency's decision, the agency's determination is not arbitrary or capricious." *Id.* Guzzo's arguments fail to meet this standard.

cal treatment is not supported by substantial evidence." (Pl.'s Br. at 25). Guzzo argues that "Medicare has no substantial evidence to support its position that Mr. Guzzo should be required to go against the advice of his physicians and risk his health, and maybe even his life, in order to be reimbursed by Medicare." (*Id.*). Guzzo has not directed this Court's attention to any part of the record that shows this was the Secretary's "position."[4] The record shows that the Secretary's decision was based upon application of NCD 35–96, which was in effect at the time of Guzzo's surgery. (*See* Am. Compl. Ex. T). To the extent Guzzo is arguing that NCD 35–96 is not supported by substantial evidence, his argument fails for the reasons discussed above. To the extent Guzzo disagrees with the application of NCD 35–96 to his situation, his claim fails because he is not entitled to individually challenge the Secretary's decision denying him reimbursement based upon NCD 35–96. *See Friedrich v. Secretary of Health & Human Services*, 894 F.2d 829, 838 (6th Cir.1990)("[h]aving made a national coverage determination, the Secretary is not required to defend it in response to individual claims by every person who disagrees with the decision to deny coverage"). Therefore, Guzzo's claim based on an alleged lack of substantial evidence fails.

Defendant contends that it is entitled to summary judgment because substantial evidence exists to support the Secretary's decision to deny Guzzo coverage for his surgery. Because this Court agrees that substantial evidence does exist to support the Secretary's decision, Defendant's Motion for Summary Judgment shall be granted.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment shall be denied and Defendant's Motion for Summary Judgment shall be granted.

A Judgment consistent with this Opinion shall issue forthwith.

---

4. Although Guzzo refers to decisions made by Medicare, the decision to deny Guzzo reimbursement for his treatment was made by Defendant; therefore, the Court shall discuss the decision as one made by the Secretary.